**NEW HOPE DOCK CORPORATION, Petitioner,**

v.

**STATE OF INDIANA, DEPARTMENT OF REVENUE, Respondent.**

**No. 74T05–8611–TA–00049.**

Tax Court of Indiana.

April 13, 1987.

Clarence E. Price, Dale, for petitioner.

Linley E. Pearson, Atty. Gen. by Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for respondent.

**STATEMENT OF THE CASE**

FISHER, Judge.

The issue presented by the Motion to Dismiss filed by Respondent is whether under IND.CODE 6–8.1–9–1(c) (1986

Supp.)[1] notice of an administrative decision mailed to the taxpayer's attorney at law and the person designated on a document as described below is sufficient to activate the ninety day statutory period within which an appeal to the Tax Court must be filed.

Petitioner, New Hope Dock Corp. (Taxpayer), appeals from the denial of a claim for refund. Respondent, Indiana Department of State Revenue (Department), filed a motion to dismiss on the grounds that this Court lacks jurisdiction under IC 6–8.-1–9–1(c)(2) because the Taxpayer filed the appeal more than ninety days after the Department mailed notice of the denial.

The facts are undisputed. The Taxpayer was audited in 1983, after which the Department assessed sales and use taxes for the years ended 1980, 1981, and 1982. The Taxpayer protested the assessment. On October 26, 1984, notice of hearing on the protest was mailed to the Taxpayer. In January, 1985, notices of taxes due were mailed to the Taxpayer. On September 9, 1985, the letter of findings denying the protest was mailed to the Taxpayer and copies were sent to the Taxpayer's attorney and accountant, both of whom were named in Form 2848–D. On October 15, 1985, the Taxpayer paid the tax in full. On January 6, 1986, the Taxpayer, by its president, filed the claim for refund. Accompanying the claim was a cover letter signed by the Taxpayer's attorney. On July 9, 1986, the Department mailed notice of denial to the Taxpayer's attorney. The Taxpayer did not receive a copy of the decision.

The Department contends that the mailing of the notice of denial to the Taxpayer's attorney was sufficient under IC 6–8.1–9–1(b), which requires the Department to "mail a copy of the decision to the *person* who filed the claim," to activate the ninety day statutory period for filing an appeal under IC 6–8.1–9–1(c)(2).

The Department advances two theories in support of this contention. First, the Department argues that the Taxpayer's attorney had actual authority to receive notice in the stead of his client. In the alternative, the Department argues that the Taxpayer's attorney had apparent authority to receive the notice. The Taxpayer argues that the authority of the attorney was limited and as such, the Department should have mailed the notice to the Taxpayer in order to activate the statutory period.

The focus of this dispute concerns Internal Revenue Service Form 2848–D, entitled "Tax Information Authorization and Declaration of Representative," which was executed by the Taxpayer in September, 1984, and filed thereafter with the Department.[2] In Part I of Form 2848–D entitled "Tax Information Authorization," the Taxpayer authorized both the attorney and the accountant "to receive from or inspect confidential tax information" for tax matters involving sales taxes for the years ended 1980, 1981, and 1982. The attorney and the accountant were also authorized "to act as the representative(s) of the taxpayer(s) ... and to make written or oral presentations of fact or argument on behalf of the taxpayer...." The Taxpayer did not indicate in the space provided on Form 2848–D that the representatives should be sent "copies of notices and other written communications ... addressed to the taxpayer(s)...." Form 2848–D further provided that if a designated representative was authorized

---

1. IC 6–8.1–9–1(c) provides:

(c) If the person disagrees with any part of the department's decision, he may appeal the decision.... The person must file the appeal with the tax court. The tax court does not have jurisdiction to hear a refund appeal suit, if:

(1) the appeal is filed more than three (3) years after the date the claim for refund was filed with the department;

(2) the appeal is filed more than ninety (90) days after the date the department mails the decision of denial to the person; or

(3) the appeal is filed both before the decision is issued and before the one hundred eighty first day after the date the person files the claim for refund with the department.

2. IRS Form 2848–D, as one might expect, relates to federal tax matters and the Internal Revenue Service, as opposed to the Indiana Department of Revenue. Neither party has raised any issue as to this fact; since the matters specified on Form 2848–D clearly refer to state sales tax, the Court will ignore this issue for the purpose of this motion.

to represent the Taxpayer, that representative "must be an individual who must complete Part II." In Part II, entitled "Declaration of Representative," the representative's qualifications were listed and each representative signed a declaration stating that "I am authorized to represent the taxpayer identified in Part I for the tax matters there specified."

The Department argues that by virtue of the declaration made by the attorney in Part II of Form 2848–D, the attorney had actual authority to receive notice for the Taxpayer. This argument is without merit. Part I delineates the scope of the agent's authority. Part II does not in any way restrict or enlarge the scope of that agent's authority; it merely requires those persons designated as representatives to list their qualifications.

As a matter of comparison, both IRS Form 2848, entitled "Power of Attorney and Declaration of Representative," and Department of Revenue Form 48, entitled "Power of Attorney," provide for the appointment of persons "as attorney(s)-in-fact to represent the taxpayer(s)...." As attorneys-in-fact, these individuals are thus "authorized ... to receive confidential information and to perform any and all acts that the principal(s) can perform with respect to the above specified tax matters...." This comparison illustrates the substantial difference in the extent of authority actually conferred in each instance.

The Department is charged with knowledge of any limitations of authority contained in Form 2848–D. IC 6–8.1–3–8 (1982) provides in part:

> However, a person may not represent a taxpayer before the department, unless:
> (1) the taxpayer is present at all times when the representation occurs; or

(2) the person representing the taxpayer has a properly executed power of attorney authorizing him to represent the taxpayer.

Both parties agree that Form 2848–D constitutes a power of attorney.[3] In *Wysong v. Automobile Underwriters, Inc.* (1933), 204 Ind. 493, 184 N.E. 783, the Supreme Court stated:

> Where a third party dealing with an agent has knowledge that his authority must necessarily be in writing to bind the principal, it is his duty to ascertain whether the agent has such authority and whether it is in proper form, and where there is written authority, whether it is required or not, and such person has, or is charged with knowledge thereof, it is his duty to ascertain the nature and extent of the authority conferred, and whether the agent is acting within its scope. When the authority is by law required to be in writing he is charged with knowledge of that fact and of the limitations upon the agent's power contained in such writing. 184 N.E. at 788, quoting 2 C.J. *Agency* at 565.

The same reasoning is applicable in this case. The Taxpayer was required to execute power of attorney under IC 6–8.1–3–8. Under *Wysong*, the Department not only had the duty to determine whether the power of attorney was in proper form, but also to determine "the nature and extent of the authority conferred." *Id.* The authority actually conferred in Form 2848–D by the Taxpayer to his attorney and accountant was much narrower in scope than the authority ordinarily conferred in IRS Form 2848 or Department Form 48; nevertheless, the Taxpayer may limit the authority of his agents. The Department has no basis by which the scope of the actual authority can be enlarged.[4]

---

**3.** While the authority conferred by the Taxpayer in Form 2848–D is more restricted than that which is generally conferred in a power of attorney, Form 2848–D meets the following definition of the term. "A power of attorney is an instrument in writing by which one person, as principal, appoints another as his agent and confers upon him the authority to perform certain specified acts or kinds of acts on behalf of the principal." 3 AM.JUR.2D Agency § 23

(1986), citing *Wysong v. Automobile Underwriters, Inc.* (1933), 204 Ind. 493, 184 N.E. 783.

**4.** The Department cites *McClanahan v. Breeding* (1909), 172 Ind. 457, 88 N.E. 695, for the proposition that "when a power of attorney is addressed to the subject matter of a statute, that statute enters into and becomes part of the power." Respondent's Post-Hearing Memorandum p. 2. Unfortunately, the Department

The Department also argues that the Taxpayer's attorney had apparent authority to receive notice of denial. The acts or conduct which supposedly gave rise to this apparent authority need not be discussed because one with knowledge of an agent's actual authority cannot rely on an agent's apparent authority.

> [T]he doctrine of apparent authority may not be invoked by one who knows or has good reason to know the limits and extent of an agent's authority. In such cases, any apparent authority that might otherwise exist vanishes in the presence of the person's actual or constructive knowledge of what the agent is or is not empowered to do. 3 AM.JUR.2D *Agency* § 80 (1986).

Therefore, because the Department has failed to "mail a copy of the decision to the person who filed the claim" under IC 6–8.-1–9–1(b), the ninety day statutory period under IC 6–8.1–9–1(c)(2) was not activated and the Taxpayer has filed a timely appeal under IC 6–8.1–9–1(c).

IT IS THEREFORE ORDERED that the Department's Motion to Dismiss be and the same is overruled and denied.

makes no reference to any statute which would cause this Court to limit or expand the construc-

tion of the language of the Taxpayer's power of attorney.